IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE CESPEDE | : | CIVIL ACTION |
| | : | |
| v. | : | No. 22-5032 |
| | : | |
| MARK WAHL, et al. | : | |

<u>MEMORANDUM</u>

**Juan R. Sánchez, J.**                                                                                     **December 20, 2024**

On September 17, 2024, Plaintiff Jose Cespede, who is incarcerated at State Correctional Institution (SCI) Waymart for possession of heroin with intent to distribute and related conspiracy, filed a motion under Federal Rule of Civil Procedure 60(b), seeking relief from the Court's order dismissing in part and denying in part his habeas petition claims. He seeks to reopen the judgment, arguing his claims cannot be procedurally defaulted because he presents new evidence of actual innocence. Because he fails to offer evidence satisfying a showing of strong actual innocence, the motion will be denied.

**BACKGROUND**

The factual background and procedural history of Cespede's conviction is fully set forth in the Report and Recommendation ("R&R") prepared by Magistrate Judge Scott W. Reid. R. & R., ECF No. 26. Accordingly, the Court includes only the information necessary to place the instant motion in context.

On May 14, 2016, following a jury trial in the Court of Common Pleas of Philadelphia County, Cespede was convicted of possession of heroin with intent to distribute and related conspiracy. Pet. at ¶¶ 2(a), 5, ECF No. 1. On August 30, 2016, Cespede was sentenced to ten to thirty years of incarceration. *Id.* at ¶¶ 2(b), 3. After the denial of his post-sentence motion to suppress, Cespede filed a timely direct appeal in the Pennsylvania Superior Court. ECF No. 26 at

1

3. On May 14, 2019, the Pennsylvania Superior Court denied Cespede's appeal, and on December 10, 2019, Cespede's petition for allowance of appeal to the Pennsylvania Supreme Court was denied. *Id.* On November 30, 2020, Cespede filed a petition under Pennsylvania's Post-Conviction Relief Act ("PCRA"), which the PCRA court dismissed on June 16, 2021. *Id.* at 4. Cespede filed an appeal of his PRCA petition to the Pennsylvania Superior Court, which denied him relief on June 17, 2022. *Id.*

On December 19, 2022, Cespede filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. In the petition, Cespede raised five claims: (1) ineffective assistance of counsel; (2) prosecution's knowing use of perjured testimony violated his Fourteenth Amendment due process rights; (3) search without probable cause violated his Fourth Amendment and Sixth Amendment rights; and (4–5) evidence at trial was insufficient to prove possession of heroin with intent to distribute. *See* Pet'r's Memo, ECF No. 7. The petition was referred to Judge Reid, who issued the R&R on July 1, 2024. ECF No. 26. In the R&R, Judge Reid recommended a dismissal in part and a denial in part of Cespede's petition. *Id.* at 20. He recommended dismissal of four of Cespede's five claims as procedurally defaulted and recommended denial of the remaining claim on the merits.[1] On September 4, 2024, upon careful consideration, the Court approved and adopted the R&R and refused to issue Cespede a

---

[1] Judge Reid considered Cespede's third claim because Cespede did not raise an ineffective assistance of counsel claim in any of his previous appeals "relating to his trial counsel's failure to admit his passport into evidence at the suppression hearing." ECF No. 26 at 16. Regarding the merits of the claim, Judge Reid considered "whether defense counsel's failure to obtain [Cespede's] passport to disprove [the prosecution's testimony] might have affected the outcome of the [suppression] motion." *Id.* at 16–17. Judge Reid concluded the Pennsylvania Superior Court's consideration of Agent Tony's testimony revealed its immateriality to the denial of the motion. *Id.* Thus, Judge Reid concluded the failure of defense counsel to introduce the passport as evidence "did not prejudice Cespede" as required to show ineffective assistance of counsel. *Id.*

2

certificate of appealability. Order, ECF No. 27. In the present motion, Cespede seeks to reopen the Court's order under Federal Rule of Civil Procedure 60(b). Mot. Relief, ECF No. 28.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances."[2] *Gonzales v. Crosby*, 545 U.S. 524, 528 (2005). Cespede filed this motion pursuant to Rule 60(b)(6), a catch-all provision which allows a court to grant relief for "any other reason that justifies relief" when Rules 60(b)(1) through (b)(5) are inapplicable. *Kemp v. United States*, 596 U.S. 528, 533 (2022). A party seeking relief under Rule 60(b)(6) must "show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535. In the habeas context, extraordinary circumstances "rarely occur." *Id*. Additionally, Rule 60(b)(6) motions must be filed "within a reasonable time," although they are not subject to the one-year deadline imposed on other Rule 60(b) motions by Rule 60(c). Fed. R. Civ. P. 60(c)(1).

**DISCUSSION**

---

[2] The full text of Federal Rule 60(b), Grounds for Relief from a Final Judgment, Order, or Proceeding, provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justified relief,

Fed. R. Civ. P. 60(b).

As a threshold matter, Cespede's petition is a true and timely Rule 60(b) motion, not a second or successive habeas petition, because it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings."[3] *Gonzales*, 545 U.S. at 532. Cespede argues his habeas claims cannot be procedurally defaulted because he presents new evidence of actual innocence. ECF No. 28 at 6. A sufficient showing of actual innocence can operate as a "gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993); *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Such a showing can overcome a number of procedural defaults, including the failure to comply with state procedural rules. *Coleman v. Thompson*, 501 U.S. 722, 78750 (1991). To establish a showing of actual innocence, a petitioner "must show that it is more likely than not that no reasonable jury would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). The *Schlup* threshold for actual innocence requires the presentation of evidence that was not presented at trial. *Id.* at 324.

In this case, Cespede alleges the existence of "new, reliable evidence of actual innocence" establishing he was in the Dominican Republic when Special Agent Troy allegedly surveilled him "involved in a heroin organization" in Philadelphia prior to his arrest. ECF No. 28 at 6, 9. At a suppression hearing prior to Cespede's trial, Agent Troy testified he witnessed Cespede driving the same gold van he was operating the day of his arrest in "December of 2013, late December, 2013." N.T. 4/28/16 at 23:19-20. Cespede contends the admission of his passport as evidence at trial would have rebutted Agent Troy's testimony. ECF No. 28 at 8-9. Cespede's passport allegedly shows he arrived in the Dominican Republic on December 24, 2013, which he claims establishes

---

[3] This applies to Cespede's four claims that were dismissed as procedurally defaulted.

Agent Troy could not have recognized him from previous surveillance on the day of his arrest. *See* ECF No. 7 at 18-19.

Cespede falls short of meeting *Schlup*'s required showing of actual innocence to overcome the procedural default of his habeas claims. As noted in the R&R, "there is little logic" to Cespede's assertion that his arrival in the Dominican Republic on December 24, 2013, would have prevented Agent Troy from surveilling him in any of the preceding days of the month. ECF No. 26 at 13. Furthermore, even if Agent Troy was mistaken about observing Cespede in December of 2013, the other evidence against Cespede remains too strong for a reasonable jury to exonerate him. On March 3, 2015, Agent Troy arrested Cespede with a key in his pocket to a van containing "heroin, drug trafficking equipment, and a bill addressed to him." *Id*. at 13. The introduction of Cespede's passport, even if it were to establish his presence in the Dominican Republic in late December of 2013, does not refute any of the additional, compelling evidence introduced against him at trial. Because the evidence does not establish a strong showing of Cespede's actual innocence, the motion is denied.

**CONCLUSION**

In sum, Cespede's evidence fails to establish a strong showing of actual innocence to overcome the procedural default of his habeas claims. Accordingly, his motion is denied.

An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.